### J. BOGEREAU *v.* GUÉRINGER & CO.

The liability of a partner to a third person is not increased by the fact, that an individual debt of his has been assumed by the partnership of which he is a member.

A partner cannot be made liable on a note endorsed by his co-partner with the social name, after the dissolution of the partnership, unless it is shown that he was benefited by the transaction, or authorized the endorsement.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *J. & E. Bermudez* and *E. Filleul*, for plaintiff and appellant.  *C. Roselius* and *P. A. Ducros*, for defendants.

VOORHIES, J.  The plaintiff sues the defendants, *P. U. Guéringer* and *F. N. Guéringer*, to recover from them *in solido*, as partners of the commercial firm of *P. U. Guéringer & Co.*, the amount of a promissory note of the tenor following :

"$10,000.                                        New York, August 20th, 1855.

Twelve months after date, I promise to pay to the order of *P. U. Guéringer & Co.*, ten thousand dollars, value received.  Payable 697, Broadway.

   (Signed)        P. U. GUÉRINGER.
   (Endorsed)       P. U. GUÉRINGER & Co."

One of the defendants, *P. U. Guéringer*, excepted to the plaintiff's demand, on the ground that the latter had already obtained a judgment against him for the same cause of action.  It was contended on the other hand, that the plea of *res judicata* could not be set up in this instance, because the object of this suit is to make the party liable as a member of the firm, by virtue of the endorsement, whilst the judgment which has been rendered against him related to his individual liability as drawer of the note.  The District Judge maintained the plea, and dismissed the suit as against *P. U. Guéringer*.

There is no doubt that this defendant is bound *in solido*, individually and as a partner, for the whole amount of the note sued on ; but at all events, he cannot be called upon twice to pay the amount in controversy.  A partner is individually responsible for all the debts of the partnership ; but his liability is not increased from the fact that an individual debt of his has been assumed by the partnership of which he is a member.

The plaintiff occupies a somewhat inconsistent position in this matter. He alleges that this is a debt for which *P. U. Guéringer* is liable individually as maker, and as partner of the firm of *P. U. Guéringer & Co.*, by virtue of the endorsement in the name of the firm. And yet he states, in his petition, that he has " obtained this note, in the ordinary and due course of trade, *from P. U. Guéringer, one of the members of the commercial firm of P. U. Guéringer & Co., of New Orleans.*" Be this as it may, the only amount which the plaintiff had the right to recover from the party who drew this note in his individual name and endorsed it with the name of the firm, was the amount of the note itself. The plea of *res judicata* was, therefore, properly sustained.

The defence set up by the other defendant, *F. N. Guéringer*, is that there never existed in New York a firm entitled *P. U. Guéringer & Co.*;—that a firm bearing the same title had existed in the city of New Orleans, but had been dissolved on the 10th day of March, 1855, within the plaintiff's knowledge; that this commercial firm never had any dealings with the plaintiff; that the note sued on was the individual liability of *P. U. Guéringer*, who had no authority to endorse it in the name of the firm.

On a previous occasion, suit had been brought against the defendants as members of this firm, by the present plaintiff, for the same cause of action ; but the demand against *F. N. Guéringer* was dismissed as in case of nonsuit, on the ground that the plaintiff had failed to prove, as was incumbent on him, that a partnership existed between the defendants at the time the note was endorsed with the social name, or that the consideration of the note had enured to the benefit of the partnership. Vide Opinion Book 29, p. 563.

It appears that on the first day of March, 1851, the defendants formed, in the city of New Orleans, a partnership ; and it was stipulated in the act, that it would last for the space of six years, and that only one of the partners, *F. N. Guéringer*, had the right to use or sign the social name of the firm. The partnership was, however, dissolved on the 10th day of March, 1855, over five months previous to the date of the note, upon which the present action is based. The defendant, *P. U. Guéringer*, was, therefore, without authority to make the endorsement ; and the plaintiff is precluded on this subject, unless he were ignorant of the fact of the dissolution of the firm, or unless the other co-defendant was benefited by the transaction, or authorized the endorsement.

It is not pretended that the latter ever gave any such authorization, or even approved of it subsequently. And the view which we have taken of the merits of the whole transaction, as between the plaintiff and *P. U. Guéringer*, dispenses with an examination as to the fact of knowledge of the previous dissolution of the partnership concern between the defendants.

The position occupied in this transaction by the plaintiff, is a very discreditable one, as evinced by his own correspondence. He was engaged in a hurried liquidation of his business affairs at Panama, with the declared intention of realizing at a sacrifice the whole of his means, for the settled purpose of making a fraudulent surrender of his property to his creditors, whose claims, he himself admitted, would exceed the assets he would thus realize. He does not blush to expose the whole plan of his operations to the defendant, *P. U. Guéringer*, then his bosom friend. It seems that one of the motives that actuated the plaintiff in this nefarious line of conduct, was his solicitude for a woman by the name of *Laure*, with whom he had had a child ; and that, for fear that as a result of his embarrassed situation, he and his concubine and daughter might be left in

straight circumstances, he preferred to throw the losses on his creditors, who, as he remarked, were all rich, and more able to weather the storm.   He was willing to leave to his creditors a large per centage on their claims, provided, however, they showed him some leniency; but if they were refractory, he would find himself compelled to realize all that he could, and keep the same to their exclusion.

In order to carry out his plan, and for fear that death might in the meantime snatch him away, without provision being made for " the objects of his tender affections," he enlists the services of his friend, P. U. Guéringer, who willingly complies with the request.   Large sums of money are forwarded to the latter for the sole purpose of remitting to Europe; great precautions are taken for the purpose of keeping all these movements secret; the plaintiff in several letters requests, in case of his unexpected demise, that the sum of $10,000, and afterwards that an additional sum for the same amount, be transmitted to his concubine; the plaintiff then repairs from Panama to New York, where he lives clandestinely; and as a finale to their dishonest operations, the defendant, P. U. Guéringer, executes the note of ten thousand dollars in favor of the firm of P. U. Guéringer & Co., long since dissolved, and endorses that note with the social name. To corroborate the already abundant proof that the consideration of this note has not enured to the benefit of the other co-defendant, the evidence in the record shows that there was no business transaction between the plaintiff and the firm of P. U. Guéringer & Co., and that whatever transactions may have taken place between this firm and the house of P. U. Guéringer in the city of New York, and between the defendants, were duly closed without reference to the note now under consideration.

The attempt to discredit the witness, P. U. Guéringer, who was placed on the stand after the District Judge had dismissed the suit against him, comes with a bad grace from the plaintiff, his particeps criminis.   The court below properly overruled all enquiries into the particulars of the conduct and character of this witness.   And on the score of interest, we think the objection to his competency untenable : his interest is not adverse to the plaintiff's, but to that of the defendant, if the latter be bound for the note sued upon.   This ruling disposes also of the bill of exception to the competency of the witness, Ernest Guéringer, for the reason assigned, that he is the son of P. U. Guéringer.

The last bill of exception was taken to the overruling of the following question, propounded by the plaintiff to the witness, Riera : " What was the share of F. N. Guéringer in the partnership of P. U. Guéringer & Co. when it was first formed, in the year 1841 ?"   This question was properly overruled on the ground of irrelevancy.   Had it been answered, it could have benefited the plaintiff in no wise; for the defendants, being commercial partners, were bound in solido for all the debts of the partnership.

The appellee, F. N. Guéringer, has moved for an amendment of the judgment rendered in his favor; and we think that, instead of a judgment of nonsuit, he was entitled to an absolute judgment.

It is, therefore, ordered and decreed, that the judgment of the District Court be amended so as to reject the demand of the plaintiff against the defendant, F. N. Guéringer; and that the judgment so amended be affirmed, the plaintiff and appellant paying costs in both courts.